BAILEY FOWLER v. THE STATE.

No. 13317. Delivered June 11, 1930.
Rehearing denied October 15, 1930.
Reported in 31 S. W. (2d) 450.

The opinion states the case.

*J. Mitch Johnson* of San Saba, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, goat theft; penalty, two years in the penitentiary.

Witness Rahl missed a registered billy goat from his ranch in the Spring of 1929. It had a registration mark with a metal tag in its ear. He found this goat the following July in the pasture of Jim Kelly, father-in-law of appellant, a short distance from his own pasture where the animal had been ranging. When found its ears and horns had been removed. A half circle fire brand on its jaw had been changed to resemble a Y. Kodak pictures were introduced of the goat taken while in possession of its owner and after its recovery, aforesaid. In May, 1929, witness Gocher, who lived on the Jim Kelly ranch, heard a goat bleating. Appellant at the time said he had a fine billy goat and that he was going to brand it and saw the horns off. This was at the goat shed. Witness saw the goat and his ears were off. He identified this animal as the one afterwards claimed and recovered by witness Rahl. Witness Varnell testified to finding two goat horns in July, 1929, at the goat shed on the Kelly ranch. He turned them over to a Mr. Berry. They were introduced at the trial. Berry testified to fitting these horns on the goat in controversy and they "fitted perfectly."

Thereupon the appellant took the stand and admitted the presence of the goat in controversy on the Kelly ranch, said he and Kelly were partners at the time, but Kelly had nothing to do with the goat in controversy; that it had been brought to the pasture and left by one Ben Head; admitted he was present when Head sawed his horns off and branded him and that he suspicioned the goat was stolen; admitted telling Gocher he was going to "brand a goat," which statement he made at the instance of Ben Head, who was at the time hiding in the barn. He denied stealing the goat or any knowledge of its exact ownership. Kelly denied any claim of ownership of the goat in controversy. Ben Head denied positively the testimony of appellant.

When the State rested, appellant asked for an instructed verdict, which was refused and this is assigned as error. In determining

the sufficiency of the evidence, this Court looks to all the testimony introduced, and will not, as apparently claimed by appellant, be governed in the determination of the question by the facts before the jury at the time the motion was made. The appellant proceeded to put on testimony at his peril. Looking to all the facts appearing here, the substance of which briefly appears above, we regard them as amply sufficient to support the verdict rendered.

Ten bills of exception appear in the transcript. All of them are so defectively drawn that we are unable to appraise them. We quote literally one of these, which illustrates the general character of all:

"Be it remembered that upon the trial of the above numbered and entitled cause in this Court on the 8th day of October A. D. 1929. 'The following proceedings were had towit:

" 'The State offered in evidence Two pieces of horns.' To which the defendant then and there in open Court Objected. Which objection was overruled by the Court and defendant excepted and here now excepts and tenders this his bill of exception No. 10."

This bare statement appears without any background. The rule is stated in 4 Tex. Jur., Sec. 216, as follows:

"Enough of the surrounding facts and circumstances must be stated to enable the appellate court to determine the merits of the bill and the correctness of the ruling involved, and to show that the evidence was inadmissible and the ruling was erroneous and hurtful to the cause of the appellant, unless its objectionable character is self-evident. The bill should show the connection or setting in which the evidence came into the case where this is necessary in order to determine its admissibility or effect."

We gather from appellant's brief that his main contention is that much of the testimony quoted above was hearsay because it related to occurrences happening in appellant's absence. Merely because appellant was not present when incriminative evidence was discovered or seen is no ground for its exclusion. This is too obvious to require discussion. Nor do we know of any rule of law excluding statements of the appellant because he was not at the time charged with the crime. We say this much in reply to some of appellant's contentions made in his brief, though such matters are not properly before us.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—A demurrer to the evidence or motion to instruct a verdict because of the insufficiency of the evidence when the State closes its case, even if sound at the time it is made, becomes unavailable if the accused, subsequently by his testimony or that of his witnesses, introduces criminative evidence sufficient to support the conviction. See Ency. of Law & Proc., Vol. 38, p. 1541, also pages 1549 and 1560; also Ency. of Law & Proc., Vol. 12, p. 1294; also Ency. of Plead. & Prac., Vol. 6, p. 700. Analogous are many illustrations furnished in recent decisions involving the prosecutions for violations of the laws forbidding the traffic in intoxicating liquors in which it is held that though the evidence obtained under an illegal search be excluded, the conviction will stand if the accused, by his testimony or by that of the witnesses introduced by him, makes proof of the criminal act. See Bonilla v. State, 2 S. W. (2d) 248; Gonzales v. State, 299 S. W. (2d) 901; McLaughlin v. State, 4 S. W. (2d) 54.

The motion is overruled.

*Overruled.*