# JANUARY 22, 1936

### W. T. BOYD V. THE STATE.

No. 17873. Delivered January 22, 1936.

The opinion states the case.

*J. A. Johnson,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for aggravated assault; punishment, a fine of twenty-five dollars.

This case was tried before the Judge of the County Court, a jury being waived. There are no bills of exception, and the only question is the sufficiency of the testimony.

The assault is based on a collision of a car driven by appellant, with another in which the injured party, Helen Rainbolt, was with her brother, Mr. Campbell. It is averred that the assault was wilful and with negligence, as provided in Art. 1149, P. C., but nothing in the record presents any suggestion of wilfulness, and we do not consider that question. The collision took place about 5:30 P. M. in January on a highway west of Glen Rose toward Stephenville, at or near a bridge,

from which the road going west curved sharply up a hill. There were four eye-witnesses. Others who came afterward gave testimony as to what they saw, which sheds little light on the real issue. On each side of the road leading from the bridge were what are called by witnesses "Banisters." Campbell and his sister were in a Ford car going west, apparently just behind a truck driven by Mr. Allen. Appellant, in a Plymouth car, was going east, and met the others at or near said bridge. The Plymouth and Ford collided, both being much damaged, and the woman was hurt but not killed.

The theory of the State was that appellant was driving fast and came across the center of the road on the curve and struck the Ford. The theory of the defense was that Campbell, driving the Ford car, was facing the setting sun, which blinded him, and that he turned out to his left to go around the truck of Allen, and met appellant who was coming east on his side of the road, and that the collision was caused by Campbell's driving.

Campbell testified that he was as close to the banisters on the north side of the road as he could get when struck by appellant's car. He denied that he was attempting to pass said truck at the time of the collision. His sister also denied this fact. On her direct examination she said she did not remember seeing the truck ahead of them. Campbell gave similar testimony.

Appellant testified, and denied driving fast,—said he left Abilene that morning about 8 or 8:30 o'clock, and had been on the road continuously with the exception of a twenty minute stop, and that it was about 165 miles to the place of this collision. These facts indicate a driving rate of less than thirty miles per hour. He said he saw the truck and the car behind it while he was on the curve, and tried to drive as close to the edge of the embankment as he could, but just as he got near the truck the Ford car tried to come around and pass it. He testified he had been going twenty-five miles an hour, but slowed down as he met the truck. Appellant further swore that Campbell came to him at once after the collision and said it was all his fault, that he could not see because the sun was in his face, and that he hated it very much.

The State introduced Allen, the driver of the truck, and he swore that the Ford Car of Campbell came from behind his truck and tried to pass him, and that this caused the collision. We quote from his testimony: "If this man had not undertook to go around my truck under the circumstances, there would not have been a wreck, but he undertook to go around my truck

and the wreck took place, just about the time the Ford car got up to my cab window. I could see it coming around and saw what was going to happen. * * * Mr. Boyd was on his side of the road, and when the Ford car undertook to go around my truck there was not room enough, and the Ford car ran into the Plymouth."

We have carefully considered these facts and do not believe them sufficient to show appellant guilty beyond a reasonable doubt of any negligence which caused or contributed to the collision. We observe that testimony was permitted by other witnesses than the four eye-witnesses, which was purely opinion testimony, and may have wrongfully influenced the learned trial judge in his judgment.

Being of opinion that the testimony fails to make out the State's case, in that it does not show by even a preponderance of the proof that appellant was guilty of negligence, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*