## ROLAND FROELICH V. THE STATE.

No. 22757. Delivered February 16, 1944.
Rehearing Denied March 22, 1944.

The opinion states the case.

*Edw. H. Moss,* of La Grange, for appellant.

*John C. Marburger,* Co. Atty., of La Grange, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a fine of Fifty Dollars on a charge of negligent homicide.

While on a public highway and rather late at night, he had a collision with a pickup truck which he was meeting and which was loaded with several negroes, about seven of whom were on the front seat. One of the occupants who was in the back was injured in the collision and died shortly thereafter.

The case was tried before the court without a jury and it appears that the court was rather liberal in admitting testimony, however there is no bill of exception in the record complaining of the admission of any evidence however objectionable.

Appellant presented a bill to the court complaining of the examination of one of the witnesses and it appears to us that this complaint was as to the form of the questions and not as to the answers made. Quite a controversy arose over the approval of this bill and it will not be necessary for us to decide the sharply drawn issue as to whether we should consider appellant's Bystander's bill or that prepared by the court. The bill does not show error.

A number of witnesses testified on both sides, those for the State being occupants of the car which appellant was meeting. They claimed that they were on the right hand side of the highway. The occupants of appellant's car made the same contention as to it. Most of the witnesses claimed the respective cars were as much as two feet to the right of the center line as marked. An issue of fact was raised and that issue was determined against appellant by the trial court.

Early the next morning, and after the death of the negro woman, some officers went to the scene and gave testimony regarding the speed of appellant's car as conclusions which they drew from physical facts. We would doubt the admissibility of this evidence had it been objected to and in all probability the trial court would have excluded it. When evidence is admitted without objection it is in the record for whatever it may be worth. Appellant contends, however, that it was illegal testimony and required no objection to exclude it. With this we can not agree.

Appellant relies on Boyd v. State, 90 S. W. (2d) 253, in which it was held that the opinion testimony in that case was not sufficient to support a conviction. It is true that it was admitted without objection as in the instant case. It is also true that it is a little difficult to reconcile the statement found in that opinion with the holding in the instant case that the evidence

may be considered. We have referred to the original record in the Boyd case and it is apparent from the testimony there given that the writer of that opinion considered such testimony of no probative force. He did not say that it could not be considered for whatever it was worth. Furthermore, in the Boyd case, the State's own testimony relieved appellant from any negligence in the collision. The opinion makes that clear.

It appears from the statement of facts that the opinion evidence referred to was insufficient to overcome the contrary evidence, which included one witness in particular, offered by the State. Such is not true in the instant case. There was positive and direct evidence on both sides, making a sharply drawn issue in addition to and independent of the opinion expressed by the officers.

Finding no error in the trial of the case, the judgment is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant has filed an earnest and exhaustive motion herein, wherein he insists that the testimony shows that appellant was not guilty of the charged offense.

True it is, that the major portion of appellant's and his witnesses' testimony shows that appellant was driving on his righthand side of the road at a moderate rate of speed, but it is also true that the testimony of the State and the facts shown by the record left on the ground, just as strongly show that appellant was not only on his left-hand side of the highway, but also that he was exceeding the speed limit thereon allowed. The physical facts found on the ground immediately after the accident, some of which was shown to be there at the time of the trial, were not helpful, to say the least, to appellant's slow driving, nor his presence on his right-hand side of the road at the time of the collision. The facts were strongly disputed, and there was a matter of controversy before the judge trying the case. He saw the witnesses and heard the testimony; he was in a position to observe their demeanor, and we can only say that the testimony from the State's side of the controversy was abundant to uphold the verdict of guilt herein.

So believing, the motion is overruled.