## LUKE DUNHAM v. THE STATE.

No. 23079. Delivered March 28, 1945.
Rehearing Denied April 25, 1945.

The opinion states the case.

*Peden & Stevens,* of Houston, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of negligent homicide in the first degree and his punishment was assessed at confinement in the county jail for a period of one year.

Upon the trial appellant waived a jury and submitted all issues of law and fact to the court who found him guilty as above indicated.

Appellant's chief contention is that the evidence is insufficient to sustain his conviction of negligent homicide in the first degree; that if he is guilty of any offense, it is negligent homicide

in the second degree. Negligent homicide in the first degree is defined by Article 1231 of the Penal Code as follows: "Whoever in the performance of a lawful act shall by negligence and carelessness cause the death of another is guilty of negligent homicide of the first degree."

To be guilty of negligent homicide in the second degree the accused must have been guilty of an unlawful act or attempting to commit an unlawful act; that is, such an act as is called a misdemeanor by the penal laws, or such an act, not being a penal offense, as would give just occasion for a civil action.

The testimony, as reflected by the record, briefly stated, shows that at the time in question appellant was driving a truck on Highway No. 225 leading from Houston through Pasadena to LaPorte. This was a four-lane highway upon which many vehicles were operated at all times of the day and night. On the morning in question appellant was driving a truck for the Taylor Construction Company, transporting its employees from Houston to the place of their work. The rate of speed at which appellant drove the truck was variously estimated by witnesses from 30 to 45 miles per hour. On the occasion of the commission of the alleged offense, there were a truck and one or two automobiles ahead of him, while other cars were coming from the opposite direction. Under the conditions then existing he undertook to pass some of the vehicles which were ahead of him. In doing so he turned his truck to the left; that when he did so, he ran into an on-coming car which was occupied by five men. As a result of the collision the automobile was demolished and two of the occupants thereof were killed, while the others were severely injured. The truck was also damaged. Appellant and some of the occupants thereof were injured.

In the present instance, the evidence shows, and the court so found, that appellant, at the time in question, was in the performance of a lawful act but that in the performance thereof he was careless and negligent; that as a result of his negligence and carelessness he brought about the death of two persons. It is a well-known fact that trucks and automobiles are dangerous instruments when being operated on highways where many people travel and have a right to travel. Therefore, due care should be exercised in the operation of such vehicles. In the instant case, appellant was driving a truck on a public highway which was being used by a great many vehicles, and this fact was well known to him because he had passed along and upon the same many times. Nevertheless, he undertook to pass a car ahead of

him going in the same direction and in doing so, he turned his truck too far to the left, and the left end of the bumper of the truck was forced through the glass of the door of the on-coming car with the result as heretofore stated.

It occurs to us that there is sufficient evidence to sustain the the trial court's conclusion that appellant did not keep a proper lookout for on-coming automobiles; that he drove too far to the left; that he did not have his truck under proper control and did not exercise that degree of care and caution which a reasonably prudent person would have exercised under the same or similar circumstances.

Appellant contends that since there is some evidence introduced by the State to the effect that at the time of the collision he was driving his truck on the left-hand side of the highway he was committing an unlawful act which, under the statutes of this state, is a misdemeanor; and therefore he would be guilty of negligent homicide in the second degree. The driving of a motor vehicle on the left-hand side of the highway is not per se a violation of the law. It is only so when the highway is not clear and unobstructed for a distance of fifty yards ahead. See Gutierrez v. State, 125 Tex. Cr. R. 283; Ex parte Williams, 79 S. W. (2d) 325, 128 Tex. Cr. R. 148. However, the trial court was not required to accept the testimony in toto of any particular witness. He could accept a part and reject a part, or he could decline to accept any of it. The issue of negligence was one of fact which the court decided adversely to appellant. We would not be authorized to set aside the court's findings unless we can say that there is not any evidence of probative force to sustain his conclusion. This we cannot do under the facts of this case.

Appellant takes the position that there is not any evidence showing negligence on his part in the operation of the truck at the time and place of the collision to support the court's conclusion of his guilt of negligent homicide in the first degree, and in support of his contention, he cites us to the case of Boyd v. State, 90 S. W. (2d) 253, 129 Tex. Cr. R. 538. In that case the accused was convicted of aggravated assault. It is distinguishable from the instant case on the facts. Under the facts of that case, we held that the evidence failed to show, beyond a reasonable doubt, negligence on the part of the accused, and we think properly so. Appellant, in support of his contention, directs our attention to certain parts of the testimony given by a particular witness. In passing on the question of the guilt of the accused, the entire evidence adduced on the trial must be considered and not isolated parts thereof.

Believing the evidence sufficient to support the conviction, and no reversible error having been presented by the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing the appellant complains only of those things which are thoroughly discussed and, we think, correctly disposed of in the original opinion. Nothing new is raised for our consideration and it is not thought necessary to indulge in further discussions. We adhere to our original view that the judgment of the trial court should be affirmed. Accordingly, the motion for rehearing is overruled.