HOSIE P. MERRYMAN V. STATE.

No. 24418. June 22, 1949.
Rehearing Denied October 26, 1949.

*Dixie & Ryan* and *King C. Haynie* (on appeal only), Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, Houston, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

**KRUEGER,** Judge.

The offense is an aggravated assault. The punishment assessed is a fine of $100.

The prosecution was initiated under Art. 1149, Vernon's Ann. P. C., which provides as follows:

"If any driver or operator of a motor vehicle or motorcycle shall wilfully or with negliglence, as is defined in the Penal Code of this State in the title and chapter on negligent homicide, collide with or cause injury less than death to any other person he shall be held guilty of aggravated assault and upon conviction, shall be punished by fine not less than Twenty-five ($25.00) Dollars, nor more than One Thousand ($1,000.00)

Dollars, or by imprisonment in jail not less than ˙one month nor more than two years, or by both such fine and imprisonment; * * *"

The record in this case reflects that W. L. Fouse and his wife were riding on a motorcycle on North Main Street in the city of Houston. They had passed through the tunnel of the viaduct and were going up the incline. About the time they had reached the crest of the incline, appellant, who was driving a taxi on said street and traveling in the opposite direction, drove the taxi over the center line of the street when Fouse was within twelve or fourteen feet of him, turning suddenly in front of Fouse, as a result of which a collision occurred. Both Mr. and Mrs. Fouse were seriously injured, but Mrs. Fouse sustained injuries much more serious than her husband. The foregoing is a brief summary of the salient facts proved on the trial.

Appellant brings forward four complaints, the first three of which relate to the court's action in declining to submit his special requested charges. His first special charge was an instruction to the effect that if the operator of the motorcycle failed to keep a proper lookout, or failed to apply his brakes and reduce his speed, or in going at a negligent rate of speed, to find defendant not guilty. These issues are not raised by the evidence. Consequently, there was no error in the ruling of the court. Moreover, contributory negligence is no defense in cases of this nature. See Vasquez v. State, 121 Tex. Cr. R. 478 (52 S. W. 2d 1056); and Guajardo v. State, 139 Tex. Cr. R. 201 (139 S. W. 2d 85).

His next requested special charge is to the effect that if the jury believed from the evidence, or had a reasonable doubt thereof, that at the time of the collision the automobile operated by defendant was at a complete stop and the collision resulted from the motorcycle being driven into the defendant's car then to acquit him. If the court had given this charge, it would have been contrary to the well established law in this state that contributory negligence constitutes no defense in this character of cases. Moreover, it would have authorized the jury to acquit appellant no matter how negligent he was in suddenly driving his car across the center line of the street in direct line of Fouse's course of travel. Whether the taxi was stopped or moving, there was no excuse or justification for his act in placing it on the wrong side of the highway and in the course of travel by persons coming from the opposite direction.

His complaint of the trial court's action in declining to give his special requested instruction No. 3 is without merit, since the court in his main charge incorporated a similar one in his charge.

His next complaint relates to the closing argument of the prosecuting attorney. This bill is deficient, in this, that it shows that no objection was made at the time the alleged argument was made. The bill shows that appellant merely prepared a motion in writing in which he requested the court to instruct the jury to disregard the state's argument to the effect that this cab driver should exercise more care than an ordinarily prudent person because of his position as a cab driver. The court overruled the motion to which he excepted. This court has many times held that such an objection to argument as appears here does not preserve the point, but that the objection should be interposed openly at the time it is made. See Meador v. State, 204 S. W. 2d 628; and Kirby v. State, 96 Tex. Cr. R. 590 (258 S. W. 822). However, in the instant case no objection was interposed to the argument. He merely made a motion requesting the court to instruct the jury not to consider the remarks without any objection having theretofore been made. In the case of Wood v. State, 142 Tex. Cr. R. 282 (152 S. W. 2d 335), this court said, "Our former opinions indicate that objections should be so made that the attorney making the claimed improper argument may know what is being urged against his argument and be in a position to explain or withdraw it if he has violated the proprieties in the matter." We see no need for any further discussion of the question.

Appellant, for the first time, challenges the sufficiency of the information by his brief filed in this case on the day it was submitted. His main complaint seems to be that the information fails to charge that he, appellant, failed to exercise that degree of care and caution which a man of ordinary prudence would use under like circumstances as prescribed by Art. 1233, Vernon's Ann. P. C., relating to negligent homicide. In the instant case the offense is charged in the language of the statute which is ordinarily sufficient, but he contends, if we understand his contention correctly, that Art. 1233, P. C., is an element of the offense and should be charged in the information. We are unable to agree with him. Art. 1233, P. C., provides as follows:

"The want of proper care and caution distinguishes this offense from excusable homicide. The degree of care and caution is such as a man of ordinary prudence would use under like circumstances."

It occurs to us that if he exercised proper care and caution, such as a man of ordinary prudence would use under like circumstances, it would constitute a defense; but the state is not required to negative any and all probable defenses which the accused may interpose. However, if he failed to use that degree of care and caution such as a man or ordinary prudence would have exercised under like circumstances then he would be guilty of negligence, and contributory negligence on the part of the other party would not constitute any defense. The question of negligence is usually a question of fact to be determined by the jury.

From what we have said, it follows that the judgment of the trial court should be affirmed and it is so ordered.

Opinion approved by the court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant again urges upon us the insufficiency of the information, notwithstanding the fact that no attack was made thereon during the trial of the case.

We perceive no fundamental defect in the information. To the contrary, it follows established precedents. Young v. State, 47 S. W. 2d 320; Clifton v. State, 135 S. W. 2d 115.

If consideration be given to appellant's complaint of argument of state's counsel, no reversible error is reflected thereby, because the argument violated no statutory or mandatory right. When viewed in connection with the punishment assessed, a fine of $100, it cannot be said that the argument was inflammatory or that it constitutes reversible error.

We did not intend, by anything said in the original opinion, to hold that negligence other than that coming within the meaning of our Penal Code relating to negligent homicide (Art. 1231 and Art. 1238, P. C.) is contemplated by Art. 1149, P. C. See McDuffey v. State, 206 S. W. 2d 601.

We remain convinced that a correct conclusion was reached originally, and the motion for rehearing is overruled.

Opinion approved by the court.