Antonio **VERA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41031.

Court of Criminal Appeals of Texas.

Feb. 7, 1968.

Eugene Coffey, Corpus Christi (On Appeal Only), for appellant.

Sam L. Jones, Dist. Atty., W. DeWitt Alsup, Asst. Dist. Atty., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for assault with intent to murder; the punishment, twenty years.

Appellant, an indigent defendant, was represented at the trial by court-appointed counsel and, following return of the jury's verdict and entry of judgment thereon, his present counsel was appointed by the court to represent him on appeal.

One ground of error is urged by appellant, which is, in substance, that he was not adequately represented by counsel at the trial.

Reliance is had upon the decision of the Supreme Court of the United States in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, which held that the right to assistance of counsel, under the Sixth Amendment to the Constitution of the United States, was made obligatory upon the States by the Fourteenth Amendment.

Rodriguez v. State, 170 Tex.Cr.R. 295, 340 S.W.2d 61, is also relied upon by appellant, in which case a majority of this court reversed the conviction of an indigent defendant upon a finding that the record as a whole disclosed that, due to the inexperience of court-appointed counsel, the rights of the accused were not adequately protected.

In the instant case, appellant presents no proof as to the legal background or experience of his court-appointed counsel at the trial but insists that from a reading of the statement of facts "it is obvious" that he was not adequately represented. Reference is made in his brief to certain exhibits and testimony offered in evidence by the state to which he contends counsel should have made an objection. He also insists that counsel should have objected to the prosecution "leading its own witness," but does not point out any instance when such objection should have been made. Lastly, in his brief, appellant insists the record reflects that his counsel could not hear the testimony of the witnesses, could not understand their testimony, and once or twice had to be told to consult with his client in a lower voice.

The four hundred sixty-three-page record on appeal in this case reflects that appellant's trial covered four days. Fifteen witnesses were called to testify, ten on behalf of the state and five—including the appellant—in his behalf.

The issue of self-defense raised by appellant was submitted to the jury in the court's charge.

Numerous objections, approximately twenty-three in number, were made by appellant's counsel to testimony offered. Some of the objections were on the ground of leading questions.

The court sustained some of the objections and overruled the others. The exhibits offered by the state were properly admitted by the court after proper predicate was laid.

The state's witnesses were fully cross-examined by appellant's counsel. While his counsel stated during the trial that he was "a little hard of hearing," there is no indication that he did not fully understand the testimony presented.

Under the record, it is concluded that appellant was adequately represented by counsel and that his ground of error should be overruled. It is so ordered.

In this connection it should be noted that in the recent case of Johnson v. State, Tex.

Cr.App., 421 S.W.2d 918, opinion delivered November 1, 1967, we said:

"The constitutional right to counsel does not mean errorless counsel and counsel is not to be judged ineffective by hindsight. Fletcher v. State, Tex.Cr. App., 396 S.W.2d 393."

The judgment is affirmed.