**Antonio VERA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41289.**

Court of Criminal Appeals of Texas.

May 29, 1968.

Max J. Luther III, Corpus Christi, for appellant.

Sam Jones, Dist. Atty., Douglas Tinker, Asst. Dist. Atty., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

At the trial which began July 29, 1967, appellant was found guilty by a jury of assault with intent to murder with malice one Humberto Perez on or about October 24, 1966. He elected to have the court assess the punishment and it was assessed at 20 years.

Appellant had been previously tried and convicted in the same court on April 6, 1967, for a like assault on the same day upon one Benny Perez, and had received at the hands of the same judge a like term of 20 years which was affirmed in Vera v. State, Tex.Cr.App., 423 S.W.2d 585. The sentence from which this appeal is prosecuted was cumulated with the sentence in the first conviction.

Appellant's first ground of error is that "the court erred in having the state's witness Santos Capello sworn in English, when the witness did not fully understand the English language, and could not therefore understand the oath given him, and such fact was known to the state before the oath was administered in English."

His second ground of error is that "the court erred in not allowing the attorney for defendant on cross-examination to inquire as to whether or not the state's witness, Santos Capello understood and complied with the instructions given by the court in English."

The witness Capello testified at both trials.

When this witness was called to testify, counsel for the state suggested to the court that he believed he needed an interpreter, and the record indicates that Mr. Abarca informed the witness that he would translate the questions, put them in Spanish and his answers in English, and that the witness, when asked by the court if he understood the oath, replied "Yes, sir."

The trial court properly used the English language in administering the oath to the witness. There is nothing in the record which reflects that the witness was incompetent to testify or that he did not understand the obligation of an oath. The trial court did not abuse his discretion in not excluding his testimony. See McCormick and Ray, Texas Law of Evidence, 2nd Ed., Sec. 294.

Grounds of error Nos. 1 and 2 are overruled.

Ground of error No. 3 complains that the court erred in not granting the defendant's motion for continuance because of the absence of the witnesses Eduardo Garza and Juan Candela.

The motion was made *orally after the state had rested.* At appellant's request, the testimony of the witnesses at the former trial was read to the jury.

Ground of error No. 3 is overruled.

The remaining ground of error is the denial of appellant's motion for instructed verdict at the close of the state's evidence.

It is well settled that the question of the sufficiency of the evidence to sustain the conviction will be determined from all of the evidence. Bellah v. State, Tex.Cr.App., 415 S.W.2d 418; Lopez v. State, 172 Tex. Cr.R. 317, 356 S.W.2d 674; Cross v. State, 100 Tex.Cr.R. 88, 271 S.W. 621.

The judgment is affirmed.