CHAS. E. CROSS v. THE STATE.

No. 8781.    Delivered April 1, 1925.

Rehearing denied May 6, 1925.

**Theft, Misdemeanor—Evidence—Held Sufficient.**

The evidence in this case, though circumstantial, sufficiently supports the verdict, and appellant's defensive theory having been properly and fairly submitted in the charge of the court, the judgment is affirmed.

Appeal from the County Court of El Paso County. Tried below before the Hon. J. M. Deaver, Judge.

Appeal from a conviction of theft, a misdemeanor; penalty, a fine of $25.00 and ninety days in the county jail.

The opinion states the case.

*E. B. Elfers*, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the county court at law of El Paso county of misdemeanor theft, and his punishment fixed at a fine of $25.00 and ninety days in the county jail.

Appellant was charged by information and complaint with theft of a pistol of value less than fifty dollars, the complaint charging that appellant was the bailee by virtue of his contract of borrowing said

the pistol. The State's testimony showed that appellant borrowed the pistol for a specific purpose, and that he left El Paso a few months after that and at no time had returned or offered to return said pistol. Appellant testified in his own behalf that he was a roomer in the hotel of the woman from whom he borrowed the pistol, and that when he left El Paso he left the pistol in a dresser drawer in his room. In his charge to the jury the learned trial judge told them that if they believed that, as testified to by the appellant, he left the pistol in his room at said hotel in El Paso, Texas, or if they had a reasonable doubt thereof, they should acquit the defendant and say by their verdict not guilty. It has been often said that the guilt of the accused may be shown by circumstances, and that the question as to whether the circumstances be sufficient to establish the guilt in a given case is one for the jury. No claim was advanced by appellant of the fact that he informed the prosecuting witness of the fact that he was leaving the pistol in the dresser drawer, nor did he write her of such fact, or send her word; nor is there proof of the fact that when he returned to El Paso subsequent to the time of his alleged appropriation of said pistol, that he went to see her or made any effort to ascertain whether she had gotten the pistol. The only suggestion in the testimony tending to rebut the appropriation by appellant, being his testimony that he left the pistol in the drawer, and this having been submitted to the jury by an appropriate charge, we are not inclined to hold the verdict without support. Jaimes v. State, 32 Texas Crim. Rep. 473.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant seems to take the position that the case made by the State witnesses unaided by the testimony for the defense would not support the judgment. We do not concern ourselves to discuss the proposition. A case is tried on all the testimony produced, and if all the testimony, no matter from what source, is sufficient to justify the conclusion of guilt reached, this court would not confine itself to an examination solely of the testimony given by State witnesses.

The motion for rehearing will be overruled.

*Overruled.*