Samuel Dale **BELLAH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40256.

Court of Criminal Appeals of Texas.

April 26, 1967.

Rehearing Denied June 14, 1967.

Jon N. Hughes, Houston, Marvin O. Teague (On Appeal Only), Houston, for appellant.

Sam L. Jones, Jr., Dist. Atty., Kenneth L. Yarbrough, Asst. Dist. Atty., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is murder without malice; the punishment, five years.

We will first pass upon appellant's ground of error that the evidence is not sufficient to support the conviction. The State's witness testified that appellant fired a shot into the wall of a tavern and then, while his brother was attempting to take the pistol away from him, fired another shot into the deceased, the proprietor of the tavern, who was making no overt gesture toward the appellant.

Appellant and his witnesses testified that he fired the first shot toward the ceiling in order to frighten the deceased, who had become argumentative, and that the second shot was accidentally fired after or at the time deceased was making an assault upon appellant with a beer mug.

■ The jury chose to accept the testimony of the witness for the State, and reject that of appellant and his witnesses, and we find the evidence sufficient to sustain the conviction. We need not pass upon his contention that it was insufficient at the time the State rested its case in chief. Cross v. State, 100 Tex.Cr.R. 88, 271 S.W. 621; Lopez v. State, 172 Tex.Cr.R. 317, 356 S.W.2d 674.

Appellant's next ground of error is that he was required to proceed to trial under any judge other than the Honorable Tillman Smith without his consent. Though not clearly established by this record for the purpose of this appeal, we will proceed on the assumption that the Honorable Tillman Smith presided during the examination of the jury panel and the Honorable Terry Jacks presided during the hearing of the evidence and the receipt of the jury's verdict.

■ Article V, Sec. 11 of the Constitution of Texas, Vernon's Ann.St. authorizes the exchange of benches by District Judges and our attention has not been directed to any claim of injury to this appellant by the fact that Judge Jacks heard the testimony, gave the jury his charge and received their verdict.

■ Appellant next contends that he was deprived of the use of a prior statement of the witness Marie De Hoff for the purpose of cross examining her. In Hughes v. State, 172 Tex.Cr.R. 441, 358 S.W.2d 386, this Court had before it the identical question here presented. In that case the court declined to allow counsel to cross examine a witness from a prior statement which the witness had made, but which had not been used to refresh the memory of the witness prior to trial. The witness' former statements there and here were made a part of the record on appeal and we were not then and are not now able to find any discrepancy or conflict between her testimony and the contents of the statement.

■ He next contends that the court erred in permitting State's counsel to testify that he called a member of a firm of lawyers who was representing appellant and made certain demands. The prosecutor was careful to refrain from giving any answers that he received, but merely stated what he told the lawyer. This is not hearsay because this is not testimony as to what the other party stated to the witness over the telephone. McCormick and Ray, Texas Law of Evidence, Sec. 792, f. n. 69.

■ Appellant's next ground of error is that the court erred in admitting the subpoenaes in the case as evidence. They were offered and admitted just as the State was

prepared to close its case, and counsel tendered them for the avowed purpose of showing that the State had exercised due diligence in securing and presenting all available testimony. We have been cited no contrary authority on the question and have concluded that the court did not err in admitting them.

Appellant's next ground of error was eliminated when the court reversed his ruling and offered to permit the jury to examine the tendered shirt.

■ The next ground of error is that the court erred in overruling appellant's objection to the form of the question propounded to appellant's brother about a prior conviction. There was no objection that the prior conviction was in fact too remote. Unless the question was obviously improper and prejudicial to appellant, we would decline to reverse a conviction merely because of the form of a question.

■ The next ground of error relates to the prosecutor's testimony about taking a statement from appellant's brother on the day following the homicide. Such testimony was admissible in order to prove the conflict between the witness' testimony and his prior statement.

■ The next ground of error relates to the court's charge. The objections made at the trial did not point out to the court the complaint which he now asserts. It is axiomatic that an appellant may not make one objection to the court's charge at the time of trial and assert as error another objection when his case reaches this Court on appeal. 5 Tex.Juris.2nd, Sec. 47, p. 84. In the absence of a proper objection it is only in those cases where the erroneous charge goes to the basis of the case and is contrary to and fails to state the law under which the accused is prosecuted that objections to the charge are considered on appeal as fundamental error. Garza v. State, 162 Tex.Cr.R. 655, 288 S.W.2d 785.

■ The next ground of error relates to the sending of the subpoenaes mentioned above to the jury room. What we have said above as to their admissibility disposes of this ground.

■ The next ground of error raised by brief in the trial court relates to the Court's action in sustaining the State's objection when appellant's counsel asked deceased's wife when and where she and deceased had been married. The witness testified that she and deceased had been married for two years prior to the homicide. Under the holding of this Court in Burnett v. State, 162 Tex.Cr.R. 1, 280 S.W.2d 260, it would appear that the details of her marriage would not be admissible.

■ Appellant's last ground of error raised in his brief filed in this Court but not in the trial court, is that the trial court erred in not having the jurors' names placed in a receptacle and well shaken in compliance with Art. 35.11, Vernon's Ann. C.C.P. Such an error is not one of constitutional dimension, nor does it present such a serious question of law that it would require discussion under Sec. 13 of Art. 40.09, V.A.C.C.P.

Finding no reversible error, the judgment is affirmed.

ONION, J., not participating.