**Jeannie Sue DAVIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41368.**

Court of Criminal Appeals of Texas.

July 10, 1968.

A DANCE FOR SCHOOL CHILDREN HELD IN THE AUDITORIUM OR GYMNASIUM OF A PUBLIC SCHOOL UNDER THE SUPERVISION OF THE SCHOOL AUTHORITIES.

"Against the peace and dignity of the State.

(s)  A. G. Christal

"Sworn to and subscribed before me this 20 day of April, 1967.

(s)  F. I. Wilganowski

F. I. Wilganowski
Notary Public in and for Harris County, Texas."

J. E. Tatum, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jimmie James, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

## OPINION

This prosecution was instituted in the Corporation Court of the City of Houston by the filing of a complaint alleging violation of an ordinance of said city.

The charging portion of the complaint reads:

"that Jeannie Sue Davis on or about the 19ʼday of April, 1967, and before the making and filing of this complaint, within the incorporated limits of the City of Houston, in the County of Harris, and State of Texas, did then and there unlawfully DO AN IMMODEST AND INDECENT DANCE IN A PUBLIC PLACE, TO WIT: JR. PRIVATE CLUB, LOCATED IN THE 2400 BLOCK OF WEST HOLCOMBE BOULEVARD, SAID DANCE NOT BEING IN A PRIVATE HOME, NOR A DANCE HELD IN THE CITY AUDITORIUM OR COLISEUM, NOR

Having been convicted in Corporation Court on May 25, 1967, appellant and her sureties on June 3, 1967, entered into an appeal bond and said bond was approved by the Judge of the Corporation Court on June 5, 1967.

On August 7, 1967, the case was tried in County Criminal Court at Law No. 3 of Harris County. Trial before the court on a plea of not guilty resulted in a judgment of conviction with punishment assessed at a fine of $101.00, from which judgment notice of appeal was given.

The state challenges the jurisdiction of this court to entertain the appeal, the ground being that the County Criminal Court at Law No. 3 did not have jurisdiction because the appeal bond was not filed in the Corporation Court within the time allowed by law.

The state's contention is bottomed upon the erroneous theory that Article 44.-16 of the 1965 Code of Criminal Procedure is identical with Article 836 of the 1925 Code of Criminal Procedure and requires that bond on appeal be given within 10 days after judgment is rendered.

The prior statute (Art. 836, supra) provided that the appeal bond, the filing of

which would perfect an appeal, "shall, in all cases, be given within ten days after the *judgment of the court refusing a new trial* has been rendered and not afterward."

Art. 44.16, supra, provides that such an appeal bond "shall in all cases be given *within ten days after the sentence* of the court has been rendered and not afterwards."

We are not at liberty to substitute "judgment" for "sentence," though there can be no "sentence" in Corporation Court or the Justice Court, the maximum possible punishment being by fine only. See Art. 42.02 C.C.P. (1965).

There is nothing in the 1965 Code of Criminal Procedure to indicate an intent on the part of the Legislature to have the time allowed for filing an appeal bond in Corporation Court begin at the time the judgment was pronounced rather than at the time such judgment became final by the overruling of the motion for new trial or the failure to file such a motion within the time prescribed by law. (If a sentence was to be pronounced this would be the appropriate time.)

In view of our holding that the appeal bond was not filed after the time allowed had expired, we are not called upon to consider the rule for computing the period of time allowed by statute for an act to be performed where the last day is Sunday. See opinion on this subject in Barbee v. State, Tex.Cr.App., 432 S.W.2d 78, this day decided.

The grounds of error relate to the sufficiency of the complaint on its face. No written exception or motion to quash the complaint was filed. See Stecher v. State, Tex.Cr.App., 383 S.W.2d 594.

■ The record reflects that the offense charged was the violation of an ordinance of the City of Houston. The ordinance is not before us, but the record reflects that there is a Houston City Ordinance which makes it an offense to do an immodest and indecent dance such as alleged in the complaint. The word "indecent" is synonymous with "obscene." Janus Films, Inc. v. City of Fort Worth, Tex.Civ.App., 354 S.W.2d 597.

■ If appellant's grounds of error be sufficient to raise the question of the sufficiency of the evidence to sustain the conviction, or if the evidence may be taken into consideration in passing upon appellant's ground of error, testimony was offered to the effect that a go-go dance was performed by appellant in a club outside of which was a sign saying "Topless waitresses and go-go girls," and during a part of such dance appellant was "bare from the waist up." Also, "as a part of the record," appellant performed the dance in the courtroom during the trial in compliance with her counsel's suggestion that she "go into a regular dance just a moment with the pasties then continue doing it without the pasties."

If before us, the contention that the evidence shows a mere exposure of the bare female breast and that appellant broke no law is overruled.

The ground of error is overruled.

The judgment is affirmed.

MORRISON, Judge.

### CONCURRING OPINION

I concur only in that portion of my brother WOODLEY'S opinion in which he holds that the evidence is sufficient to sustain the conviction. The New York Criminal Court, in People v. Moorman, 35 L.W. 2677, decided the question correctly, as I view it, when they said: "Nudity, alone, does not equal obscenity. Nudism for profit, however, or exhibitionism for financial gain, is a separate matter." There the court held that the facts there adduced, comparable to those in the case at bar, violated the contemporary community standards, as defined by the United States Supreme Court in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498.