### Archie D. WRIGHT, Appellant,

### v.

### The STATE of Texas, Appellee.

### No. 41847.

Court of Criminal Appeals of Texas.

Feb. 19, 1969.

———✦———

Shelton W. Booth, Dallas, for appellant.

Henry Wade, Dist. Atty., Frank Watts, Joe K. Hendley, Malcolm Dade, Camille Elliott and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for murder; the punishment, life.

The appellant contends that Joe Kenneth Polk being an accomplice witness as a matter of law and there being no corroboration of his testimony, the trial court erred in not granting his motion for a new trial for the reason that the evidence was insufficient to support his conviction.

The evidence reveals that the appellant and his two companions, Joe Kenneth Polk and Robert Lee Davis, left the Fidelity Union Building parking garage about 7:30 p.m., on August 22, 1966. The Atlantic Liquor Store in which the deceased was found shot to death about 8:55 p.m. was across the street from the parking garage.

The accomplice witness, Polk, testified that he, appellant, and Davis after leaving the Fidelity garage went to a cafe and then on to another nearby parking garage; that the appellant and Davis left the garage walking toward the Atlantic Liquor Store; that in a brief time he left the garage in search of the appellant and Davis and after going a short distance he saw the appellant standing outside of the Atlantic Liquor Store which was about 8 p.m.; that appellant motioned for him to turn back and then the appellant entered the liquor store; that as he walked on toward the liquor store he heard a loud noise which sounded like a gunshot; that the appellant and Davis came out of the liquor store and the appellant told him (Polk), "Robert shot that man," and then Davis said, "I had to"; and then the appellant and Davis ran in the direction of the Fidelity Building.

The night manager of the Fidelity parking garage testified that the appellant and Davis ran through the parking garage which is across the street from the liquor store about 8:30 or 8:45 p.m. The body of the owner and operator of the liquor store was found by a customer about 9 p.m. The appellant was arrested two days later and a watch identified as belonging to and worn by the deceased on Saturday night before he was killed on Monday night was found in appellant's pocket. Blood was found on one pair of shoes belonging to Davis, the appellant's companion, who was arrested at 11:30 p.m., following the killing in the liquor store about 8:30 p.m.

The evidence reveals that the appellant, Davis, and Polk were without money during the evening in question and they had been talking about how they could get some.

The appellant did not testify, but called Robert Lee Davis as a witness in his behalf on the main trial. Davis testified that the appellant, who was carrying a pistol, handed it to Polk saying, "Try to get ten dollars for the pistol," and while the appellant stood in front of the garage across the street from the liquor store he (Davis) and Polk walked into the liquor store and Polk said, "Mr. Cooper (owner of the store), I would like to pawn this pistol"; that a scuffle ensued and the operator was shot about 8:30 p.m., and they ran across the street to where the appellant was standing, and he told appellant that Polk shot the store operator, and then they left the scene.

In Daviss v. State, 162 Tex.Cr.R. 280, 284 S.W.2d 713, this court said:

"Officer Todd was called as a witness by the appellant. The law does not require the testimony of an accomplice to be corroborated, when given for the accused. The statute forbids conviction upon the testimony of an accomplice, unless corroborated, but does not require such testimony to be corroborated when given for the accused. Josef v. State, 34 Tex.Cr.R. 446, 30 S.W. 1067; Williams v. State, Tex.Cr.App., 37 S.W. 325." See also: Hilton v. State, 160 Tex.Cr.R. 638, 273 S.W.2d 873.

■ The jury trying the case is authorized to accept or reject any or all the testimony of any witness. They may look to all the evidence in the case, that offered by the state as well as that offered by the appellant, in determining the facts and issues in the case. 24 Tex.Jur.2d 395, Sec. 725; Spears v. State, 103 Tex.Cr.R. 474, 281 S.W. 555; Lopez v. State, 172 Tex.Cr.R. 317, 356 S.W.2d 674.

■ According to appellant's witness, Davis, the appellant furnished the pistol to raise some money, and then he waited across the street while Davis and Polk entered the liquor store. Whether the pistol was to be pawned or used to rob was within the province of the jury to find.

The court charged the jury upon the law applicable to accomplice witnesses and principals.

The evidence sufficiently corroborates the testimony of the accomplice witness, Polk, and supports the conviction.

The appellant further contends that the trial court erred in excusing those jurors who had religious or conscientious scruples about inflicting the death penalty in a proper case.

■ The record does not contain any of the voir dire examination of the jury panel. No request by the appellant of the court reporter to take the voir dire examination of the jury panel is shown. It is the duty of the appellant and his counsel to timely and properly request the same when it is desired. Art. 40.09, Sec. 4, Vernon's Ann.C.C.P.; Garrett v. State, Tex.Cr.App., 434 S.W.2d 142; Pittman v. State, Tex.Cr.App., 434 S.W.2d 352. No error is presented.

The judgment is affirmed.

DOUGLAS, J., not participating.