**Johnny Wayne DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41877.**

Court of Criminal Appeals of Texas.

April 2, 1969.

Rehearing Denied May 21, 1969.

Samuel R. Jones, Dan Francis, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., John B. McNamara, Asst. Dist. Atty., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The offense is murder; the punishment five years.

The record reflects that appellant, Johnny Wayne Davis, killed Randall Ernest Mull with a rifle. Davis was angry because Mull owed him a gambling debt arising out of a pool game. After Mull left the pool hall, Jimmy Hoge, James Richards, Donald Richards and Davis decided to find and fight Mull. They took along a 30-30 caliber deer rifle for Davis to hold on Mull during the fight. They located Mull in a Toddle House cafe and waited for him, and when Mull went outside Davis shot and killed him .

█ Appellant contends that the trial court erred in refusing to charge on aggravated assault. Appellant stated upon learning of the death of Mull that he had not intended to kill him, and while testifying about the shooting stated, "Well, the way it looked, I didn't mean to hit him, but it looked like I hit him high in the shoulder, just grazed him, the way it looked." There was no testimony that appellant shot to scare Mull. Ordinarily a charge on aggravated assault is not required where the killing was with a deadly weapon per se. The intent to kill is presumed. Art. 45, Vernon's Ann.P.C.; Smith v. State, Tex. Cr.App., 411 S.W.2d 548; Beasley v. State, 171 Tex.Cr.R. 115, 346 S.W.2d 123; Barr v. State, 146 Tex.Cr.R. 178, 172 S.W.2d 322; Cade v. State, 96 Tex.Cr.R. 523, 258 S.W. 484; see 29 Tex.Jur.2d, Sec. 286, pp. 533–534.

Appellant's first ground of error is overruled.

█ Complaint is made that the trial court permitted the rifle to be introduced into evidence when it was not properly identified. James Howard Richards testified that the rifle was the one appellant had in his hand when he shot Mull.

Appellant's second ground of error is overruled.

Reversal is sought, because the special prosecutor argued to the jury: "We have nothing here except an ambush like we had in Dallas in the assassination of President Kennedy."

A formal bill of exception was qualified by the court to show that appellant went to the place where deceased was and lay in wait and shot the deceased when he came outside. An objection that the argument was outside the record and highly prejudicial was sustained, and the court stated: "I instruct you, members of the jury, you will not consider the argument of counsel as relating to the assassination of the President for any purpose in your deliberations in the case." A motion for mistrial was overruled.

Appellant distinguishes this case from Corry v. State, Tex.Cr.App., 390 S.W.2d 763. There the prosecutor argued that the deceased died like President Kennedy with an assassin's bullet in his head. The court instructed the jury not to consider that argument. The case was affirmed. The deceased in the Corry case had stated that he was going to die like President Kennedy, and this court held there was evidence to support the argument.

█ In the present case there was evidence to support the argument about an ambush. The trial in the present case was in 1968, several years after the death of President Kennedy. The remark about the assassination of President Kennedy was not so inflammatory that it could not be removed by the instruction to the jury.

No reversible error is shown.

Complaint is made that the evidence was insufficient to corroborate the accomplice

witnesses James Richards and Ronald Richards who were with appellant at the time of the shooting.

Appellant testified that he shot the deceased, and this was sufficient evidence without accomplice testimony to prove the homicide.

This court looks to all of the evidence in the case, not just that offered by the State to test its sufficiency. 24 Tex.Jur.2d 395, Sec. 725; Wright v. State, Tex.Cr.App., 437 S.W.2d 566 (1969); Lopez v. State, 172 Tex.Cr.R. 317, 356 S.W.2d 674.

In Bellah v. State, Tex.Cr.App., 415 S.W.2d 418, and in Cross v. State, 100 Tex.Cr.R. 88, 271 S.W. 621, it was held that this court was not required to pass on the contention that the evidence was insufficient at the time the State rested its case in chief.

The fourth ground of error is overruled.

The judgment is affirmed.