**Juanice Dunlap WELLS, Appellant,**

v.

**STATE of Texas, Appellee.**

**Carol Joyce JOHNSON, Appellant,**

v.

**STATE of Texas, Appellee.**

**Alex Robert LUERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 42394–42397.**

Court of Criminal Appeals of Texas.

Dec. 10, 1969.

J. E. Tatum, Houston, for appellants.

Carol S. Vance, Dist. Atty., and Robert Hinton and J. C. Brough, Asst. Dist. Attys., Houston, and Jim Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The offense as to appellants, Wells and Johnson, is obscene and indecent exposure; the punishment, a fine of $101.00 each. The offenses as to appellant Luera, are aiding and abetting another person to commit an unlawful act; the punishment, a fine of $125.00 in each case.

These cases were tried jointly before a jury and for disposition on appeal are consolidated.

The sole ground urged as error is that the evidence is insufficient to support the conviction.

The appellants, Wells and Johnson, were charged with the offense of committing an obscene and indecent act, to-wit, waiting on tables in a public place in the presence of others without any covering on their

breasts, and appellant, Luera, was charged with willfully aiding and abetting each of them in the performance of such act.

Proof was made of the ordinances of the City of Houston which the appellants are charged with violating.

The testimony of the state reveals that on the night in question the appellants, Wells and Johnson, were waiting tables completely barebreasted and that the appellant, Luera, had hired them to work completely topless at "Junior's Club," a private club in Houston, Texas, where memberships were sold at "$35.00 a pop." Outside the door of the club was a sign advertising that there were topless go-go girls within.

The female appellants were the primary attraction at Luera's club; their topless work was a form of entertainment for which the customer pays and was good for business; Luera asked the girls to work "without pasties"; and any member of the public could get into the club to view the act.

For reversal, the appellants in their brief rely only upon the testimony of the two policemen, who were state's witnesses, whose testimony was in effect that they did not see the appellants, Wells and Johnson, commit any acts which were in their personal opinion lewd, obscene, or appealing to prurient interest.

In submitting the case to the jury, the court in its charge defined the words "obscene" and "lascivious" and the term "prurient interests."

 The jury trying the case is authorized to accept or reject any or all the testimony of any witness. They may look to all the evidence in the case, that offered by the state as well as that offered by the appellant, in determining the facts and issues in the case. 24 Tex.Jur.2d 394, Sec. 725; Hall v. State, 158 Tex.Cr.R. 243, 254 S.W.2d 523; Lopez v. State, 172 Tex.Cr.R. 317, 356 S.W.2d 674; Gray v. State, 379 S.W.2d 910; Wright v. State, Tex.Cr.App., 437 S.W.2d 566.

 In considering and applying the law including the standards in the definitions and the term given the court in its charge to the evidence in the case, the evidence was sufficient to authorize the jury to find the appellants guilty as charged. Davis v. State, Tex.Cr.App., 430 S.W.2d 217.

The judgments are affirmed.