**Robert Floyd ANGLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45248.**

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The offense is assault with intent to commit murder with malice; the punishment, twenty-five years.

In the only ground of error alleged, appellant challenges the sufficiency of the evidence.

The record reflects that on December 23, 1969, a man entered a small automotive parts supply business in Dallas and told the owners, Mr. and Mrs. Katz, "It's a stick-up." The offender then shot both Mr. and Mrs. Katz. Mr. Katz was shot in the head and died two days later. Mrs. Katz was shot in the mouth and survived.

On direct examination, Mrs. Katz identified appellant as the assailant. The fol-lowing colloquy occurred on cross-examination of Mrs. Katz:

"Q Now . . . you are telling this jury, that you saw him come into the store and shoot you and your husband and you are sure this is the same man?

"A Yes, sir.

"Q You're positive about that?

"A Positive.

"Q And you realize you're under oath and if there was any doubt in your mind you would tell us about it.

"A That's right."

Further, another State's witness testified she saw appellant enter the Katz's store on the day in question shortly before she heard gunfire. Still another witness placed appellant near the scene of the assault immediately before the offense.

Appellant did not testify and the only "alibi" he raised was in the form of a defense witness, his brother, who testified that he was with the appellant in Fort Worth on December 24, 1969, the day *after* the offense occurred. He stated that he did not know where appellant was on December 23, 1969.

The jury trying the case is authorized to accept or reject any or all the testimony of any witness. They may look to all the evidence in the case, that offered by the State as well as that offered by the appellant, in determining the facts and issues in the case. Wright v. State, 437 S.W.2d 566 (Tex.Cr.App.1969); Lopez v. State, 172 Tex.Cr.R. 317, 356 S.W.2d 674 (1962); Wells v. State, 447 S.W.2d 939 (Tex.Cr. App.1969); Davis v. State, 440 S.W.2d 291 (Tex.Cr.App.1969).

The jury chose to accept the testimony of the witnesses for the State, and we find the evidence sufficient to sustain the conviction for the assault on Mrs. Katz.

In his supplementary pro se brief, appellant raises a series of questions that are multifarious and not in accordance with Art. 40.09, Vernon's Ann.C.C.P. Furthermore, the questions have nothing to do with the merits of the case. Therefore, nothing is presented for review in the pro se brief.

The judgment is affirmed.