**Pauline EDMISTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45523.**

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Stuart M. Nelkin, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Mark Vela, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This appeal is taken from a conviction for the offense of aggravated assault upon a police officer. Punishment was assessed by the jury at 30 days' confinement and a fine of $280.00.

Four grounds of error are raised.

The facts are disputed. Testimony for the State reflected that on November 19, 1970, a deputy constable for Harris County, Bill Bridges, was attempting to deliver a subpoena to appellant. He testified that when he arrived at the address listed on

the citation, he knocked on the front door, but no one answered. Then a car operated by appellant drove up. Appellant began writing down the license number of Bridges' automobile as Bridges approached Bridges stated that, at this point, he identified himself by telling appellant that he was a county officer and also by displaying his badge and identification. Appellant continued to write down the officer's license number, though Bridges again identified himself, and informed her that he had a subpoena. Subsequently, appellant ordered Bridges off her property, cursed him, and threatened to shoot him. Bridges thought the threat to be serious enough that he left, in order to get assistance. When Bridges soon returned with another constable, appellant's automobile was not at her home. Both constables knocked on the front door, but again, no one answered. Appellant then drove up and began cursing the officers. After the officers again identified themselves,[1] they approached appellant, who was still in her automobile, now located in the street. Both constables testified that appellant opened her car door and, using her fist, hit one of· the constables between the eyes. The other constable attempted to intervene, and grabbed appellant by the wrist. She then bit one of his fingers. Appellant then grabbed a ballpoint pen and managed to cut Bridges' hand with the point of the pen. At this time, the officers decided to back off and tossed the subpoena into the window of the *appellant's* automobile. Appellant *took* the citation and threw it in the street. The officers left, considering the citation served.

Appellant testified in her own behalf, and denied that the constables identified themselves as peace officers. She further testified that the constables were the ag-

gressors, and that she acted only in self-defense. Appellant's two daughters testified that from their position in the house where they witnessed the confrontation, they never saw their mother assault the officers, as alleged.

In appellant's first ground of error, she alleges that she could not be found guilty of aggravated assault, since the identity of the officers was not made known to her.[2] Appellant's allegation is that the record "shows ample grounds for doubt as to identity" of the officers. In fact, the record reflects contradicting testimony on this issue. Nevertheless, it remained an issue for the *jury* to resolve. They were authorized to accept or reject any or all of the testimony of any witness. See Angle v. State, and cases cited therein, 486 S.W.2d 308 (Tex.Cr.App.1972). The jury resolved the issue, and there is sufficient evidence to support their finding.

In appellant's second ground of error, it is argued that the element of intent was not shown, since appellant was acting only in self-defense. This was a jury issue, and one that was resolved against appellant. We will not substitute our opinion in its place.

In ground of error # 3, appellant contends that she did not commit an assault, since the officers were trespassers and she met their force with only reasonable force. Even if we were to assume, as appellant testified, that she did not know the officers' identity, we note that the record reflects that the confrontation in issue took place in a public street, in front of appellant's house. The contention is without merit.

---

1. It was uncontroverted that at all times during this incident, the two constables were wearing business suits and their vehicles were unmarked.

2. Article 1147, Vernon's Ann.P.C. states: "An assault or battery becomes aggravated when committed under any of the following circumstances:

    (1) When committed upon an officer in the lawful discharge of the duties of his office, *if it was known or declared* to the offender that the person assaulted was an officer discharging an official duty . . . ." (Emphasis added.)

Appellant's final ground of error is multifarious, and no authorities are cited. See Article 40.09, Sec. 9, Vernon's Ann.C.C.P. The contentions are not supported by the record and will not be further reviewed by this Court.

The judgment is affirmed.