Raymond DRAGER, Appellant,

v.

The STATE of Texas, Appellee.

No. 52073.

Court of Criminal Appeals of Texas.

April 6, 1977.

Thomas W. Kendrick, Amarillo, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for damaging a tractor and destroying a fence used in the production of cattle as denounced by V.T.C.A., Penal Code, Sections 28.03(a)(1) and 28.03(b)(4)(D). Punishment was assessed by the court at four years. The sufficiency of the evidence to support the conviction is challenged.

Joe Allen testified that on July 27, 1974, he owned a model 9600 Ford tractor which was located on his farm about ten miles West of Friona. He was notified that his tractor with the engine running and the wheels spinning was up against a barn. He got to the site around 7:00 p. m. The tractor had a 21-foot offset disc plow attached to it. He had given no one consent to move the tractor and plow. That morning his son Danny Allen had been plowing and left for lunch but got busy with other duties and did not return. The tractor was easy to trail. It had been driven a half-mile across his farm, through a fence, into a deep ditch, across another man's land, across the highway and through a barbed wire fence several times. There was an old barn on the property across the road from his farm. The tractor had made a wide circle around the barn and went through the barbed wire fence on both sides of the highway and back across the highway and headed toward the barn. It appeared that the tractor had been "hung" on a telephone pole and that someone had lifted up the plow and backed it and maneuvered it around the pole; that the plow was let down again and was driven directly toward the barn and went through another barbed wire fence and hit the barn. It set there long enough to spin and leave deep ruts. The tracks showed that the tractor had been rammed up against the barn again and left running. There were two sets of holes where the wheels had been spinning. He testified that it would have been impossible for the damage to have been done without someone operating the tractor. He testified that the cost of the tires that were ruined was $635 and that the repair to the front of the tractor cost $372.

Danny Allen testified to substantially the same facts as did his father, Joe Allen.

Kelwin King testified that he was fifteen years of age and was pouring water on some new cement at the entrance to his home from the highway to the road which was about one hundred yards from where the tractor was run into the building. His attention was attracted to the tractor which was against the barn by smoke, dirt and dust. After that he saw a blue four-wheel drive pickup truck leaving the barn "pretty fast." It was one of the Dragers' pickups because he had seen it at the Dragers. He then went to where the tractor was against the building and radioed his mother from his pickup. His father came over and stopped the tractor. His mother notified the Allens.

Mrs. D. T. King testified that she was assisting her daughter load a vehicle to return to school in Lubbock. Her daughter called her attention to someone driving a tractor going down the highway followed closely by someone driving a blue Ford pickup about a half-mile from their house. She had first thought that it was the pickup belonging to the Allens but when Allen came to the house to use the telephone she immediately recognized it as not being the same pickup that had been following the Allens' tractor. She related that someone was driving the tractor and someone was driving the pickup but she could not tell the color of the hair of either driver.

Appellant, who was twenty-six years of age, testified that he saw the tractor with-

out a driver as it crossed the road and saw the plow when it hooked onto the telephone post and the wheels were spinning; he "thought he would try to be a good neighbor and try to go out and try to stop the tractor." When the plow became unhooked from the telephone post and headed for the barn, he "bailed out" just before it got to the barn.

On cross-examination appellant testified that he grew up on a farm and he knew how to operate tractors and he tried to turn the switch off but it would not stop. He knew that one could push in the clutch and take it out of gear but he did not try to do that because he did not want to stay around that long; that he did not stand there and watch the tractor go into the barn because he was on probation for being with another person and having something to do with the tractor that was torn up in Friona and that he had torn up Cotton Renner's tractor by turning it loose. When he got out of the tractor cab, it was headed straight for the barn and he got in his pickup that was parked about where Kelwin King said it was parked and left in a hurry.

■ He denied Mrs. King's testimony that the tractor was being driven down the road and being followed by a pickup truck. He testified that he was by himself. A beer can or bottle was found in the cab of the tractor that had not been there when Danny Allen left it in the field.

In passing on the sufficiency of the evidence, the evidence must be viewed in the light most favorable to the verdict. The defendant's evidence, as well as the State's evidence in the case in chief, may be considered in passing on the sufficiency question.

In *Davis v. State*, 440 S.W.2d 291 (Tex.Cr. App.1969), this Court wrote:

"This court looks to all of the evidence in the case, not just that offered by the State to test its sufficiency. 24 Tex. Jur.2d 395, Sec. 725; *Wright v. State*, Tex.Cr.App., 437 S.W.2d 566 (1969); *Lopez v. State*, 172 Tex.Cr.R. 317, 356 S.W.2d 674.

"In *Bellah v. State*, Tex.Cr.App., 415 S.W.2d 418, and in *Cross v. State*, 100 Tex.Cr.R. 88, 271 S.W. 621, it was held that this court was not required to pass on the contention that the evidence was insufficient at the time the State rested its case in chief."

In *Pope v. State*, 505 S.W.2d 556 (Tex.Cr. App.1974), this Court wrote:

"The jury trying a case is authorized to accept or reject any or all the testimony of any witness. A jury may look to all the evidence in the case, that offered by the State as well as that offered by the appellant, in determining the facts and issues in the case. *Angle v. State*, Tex. Cr.App., 486 S.W.2d 308 (1972) [; *Shirley v. State*, 501 S.W.2d 635, 637 (Tex.Cr.App. 1973); *Davis v. State*, 440 S.W.2d 291, 293 (Tex.Cr.App.1969)]."

In *Shirley v. State*, 501 S.W.2d 635 (Tex. Cr.App.1973), this Court wrote:

"As was said in *White v. State*, 478 S.W.2d 506, 508 (Tex.Cr.App.1972): 'Considering the evidence in the light most favorable to the jury's verdict, as this court is required to do, we find it sufficient to support the verdict'." See, also, *Weir v. State*, 503 S.W.2d 571, 574 (Tex. Cr.App.1974) and *Resendez v. State*, 495 S.W.2d 934, 935 (Tex.Cr.App.1973).

In *Lombardo v. State*, 503 S.W.2d 780 (Tex.Cr.App.1974), the Court held:

"The jury, as sole trier of the facts, resolved the issue against the appellant in exercising their function to accept or reject any or all the testimony and the weight to be given their testimony. *Wells v. State*, 447 S.W.2d 939, (Tex.Cr. App.1969) [; *Angle v. State*, 486 S.W.2d 308, 309, (Tex.Cr.App.1972); *Bellah v. State*, 415 S.W.2d 418, 420, (Tex.Cr.App. 1967)]."

■ In construing the evidence in this case in the light most favorable to the verdict, we find that appellant by his own admission was driving the tractor toward the barn. Joe Allen testified that the tractor had hit the barn and the wheels of the tractor were spinning and making deep tracks and that the tractor had been backed

up and had hit the barn again and had made a separate set of tracks and the tractor wheels were spinning and the engine ran until King stopped it.

 Appellant admitted driving the pickup truck away from the scene in a hurry because he did not want to be caught there. He was on probation for wrecking another tractor near Friona. Flight is evidence of guilt. Appellant's admission of driving the tractor just before it hit the barn constitutes direct evidence that he drove the tractor causing it to run into the barn. The jury did not have to believe his explanation that he did not intend to drive the tractor into the barn. When he testified that he did not intentionally drive the tractor into the barn, the proof as initially brought out by him that he was on probation for damaging another tractor was a circumstance showing his intent.[1]

Therefore, the jury, being the judge of the credibility of the witness, had the right to disbelieve appellant's testimony where he testified that he saw the tractor going down the road without a driver; that he tried to stop it and be a good neighbor.

The language in *Cockrell v. State*, 135 Tex.Cr.R. 218, 117 S.W.2d 1105 (1938), is applicable. It is as follows:

" . . . We are not allowed to substitute our judgment for that of the jury, and should not disturb the verdict unless no facts are found to support it."

Appellant admitted driving the tractor toward the barn. Where an accused admits doing the act but denies any intent the case is not made circumstantial because of such testimony. *Barber v. State*, 462 S.W.2d 33 (Tex.Cr.App.1971). The court, no doubt as a matter of caution, gave the charge on circumstantial evidence even though it was not required.

Taking all of the incriminating evidence, that of the State as well as that of the defense and his contradicted testimony, and disregarding the self-serving explanation,

the evidence is sufficient to support the conviction.

The judgment is affirmed.

ROBERTS, J., concurs in the result.

---

1. The evidence in this trial was by agreement used in the proceedings to revoke probation he received for damaging the other tractor.