COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-05-320-CR

 

 

KEVIN ANTHONY HOLLOWAY                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Kevin Anthony
Holloway appeals from his conviction and fifty-year sentence for the murder of
Lorenzo Lozano.  In a single point,
Appellant challenges the legal sufficiency of the evidence.  We affirm.

 

 








Background

Lorenzo Lozano was murdered
on February 6, 1991, near the Glass Key Club. 
Within three weeks after the body was found, Ronald Angle and two others
identified Appellant as the assailant from a photo display shown to them by a
detective from the Fort Worth Police Department.  Appellant was tried for Lozano=s murder fourteen years later in August 2005. 

At trial, Ronald Angle, who
was sixteen years old at the time of the 1991 murder, gave eyewitness
testimony.  Angle testified that he saw
Appellant and others near the Glass Key Club surrounding an individual on the ground
and beating him.  Angle said that he knew
and recognized Appellant from their neighborhood.  Angle stated that he stood nearby and watched
the incident, heard Appellant tell the others to move so he could Afinish this MF off,@ and saw Appellant pull out a gun and shoot the individual on the
ground.  Angle testified that he was
later warned by Appellant to say nothing about what he had seen near the Glass
Key Club.  Angle further stated that he
later overheard Appellant bragging to friends in the neighborhood about Akill[ing] that guy@ near the Glass Key Club.   

Standard of Review








In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).      

Discussion

In his sole point, Appellant
argues that, because of the fourteen-year time lapse between Lozano=s murder and the murder trial, Angle=s testimony was weakened, and therefore no reasonable juror could have
found Angle=s eyewitness
testimony to be credible.  The State
properly points out that the jury is the exclusive judge of the credibility of
witnesses and the weight to be given to their testimony.  Tex.
Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Lopez v. State, 172
Tex. Crim. 317, 319, 356 S.W.2d 674, 676 (1962); Whitaker v. State, 909
S.W.2d 259, 261 (Tex. App.CHouston [14th Dist.] 1995, no pet.). 
Accordingly, the credibility of Angle=s testimony in light of the fourteen-year time lapse was to be
determined solely by the jury.  The jury
was aware that fourteen years had passed since Angle had witnessed the murder
and nonetheless chose to find his testimony credible and convict Appellant. 

Conclusion








Viewing the evidence in the
light most favorable to the verdict, we hold that a rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  We therefore hold the evidence to
be legally sufficient to support Appellant=s conviction, overrule Appellant=s sole point, and affirm the trial court=s judgment.  

PER
CURIAM

 

PANEL F:    GARDNER,
LIVINGSTON, and DAUPHINOT, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 10, 2006











[1]See Tex. R. App. P. 47.4.