HOLLOWAY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-320-CR

KEVIN ANTHONY HOLLOWAY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Kevin Anthony Holloway appeals from his conviction and fifty-year sentence for the murder of Lorenzo Lozano.  In a single point, Appellant challenges the legal sufficiency of the evidence.  We affirm.

Background

Lorenzo Lozano was murdered on February 6, 1991, near the Glass Key Club.  Within three weeks after the body was found, Ronald Angle and two others identified Appellant as the assailant from a photo display shown to them by a detective from the Fort Worth Police Department.  Appellant was tried for Lozano’s murder fourteen years later in August 2005. 

At trial, Ronald Angle, who was sixteen years old at the time of the 1991 murder, gave eyewitness testimony.  Angle testified that he saw Appellant and others near the Glass Key Club surrounding an individual on the ground and beating him.  Angle said that he knew and recognized Appellant from their neighborhood.  Angle stated that he stood nearby and watched the incident, heard Appellant tell the others to move so he could “finish this MF off,” and saw Appellant pull out a gun and shoot the individual on the ground.  Angle testified that he was later warned by Appellant to say nothing about what he had seen near the Glass Key Club.  Angle further stated that he later overheard Appellant bragging to friends in the neighborhood about “kill[ing] that guy” near the Glass Key Club.   

Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005). 

Discussion

In his sole point, Appellant argues that, because of the fourteen-year time lapse between Lozano’s murder and the murder trial, Angle’s testimony was weakened, and therefore no reasonable juror could have found Angle’s eyewitness testimony to be credible.  
The State properly points out that the jury is the exclusive judge of the credibility of witnesses and the weight to be given to their testimony.  
Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Lopez v. State, 
172 Tex. Crim. 317, 319, 356 S.W.2d 674, 676 (1962);
 Whitaker v. State, 
909 S.W.2d 259, 261 (Tex. App.—Houston [14th
 Dist.] 1995, no pet.).  Accordingly, the credibility of Angle’s testimony in light of the fourteen-year time lapse was to be determined solely by the jury.  The jury was aware that fourteen years had passed since Angle had witnessed the murder and nonetheless chose to find his testimony credible and convict Appellant. 

Conclusion

Viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  We therefore hold the evidence to be legally sufficient to support Appellant’s conviction, overrule Appellant’s sole point, and affirm the trial court’s judgment.  

PER CURIAM

PANEL F: GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 10, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.