CLIFF WILHITE V. THE STATE.

No. 23654. Delivered May 14, 1947.
Rehearing Denied June 11, 1947.

*C. O. McMillan,* of Stephenville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The conviction is for wilfully and maliciously injuring real property; the punishment, a fine of $200.00.

The prosecution is based upon Art. 1350, P. C.

Article 1350 of the Penal Code of 1925 reads as follows:

"Injuring personal property.

"If any person shall willfully and mischievously injure or destroy any growing fruit, corn, grain or other like agricultural product, or if any person shall willfully or mischievously injure

or destroy any real or personal property of any description whatever in such manner as that the injury does not come within any of the offenses otherwise provided for by this Code,* he shall be fined not exceeding one thousand dollars; provided that when the value of the property injured is fifty dollars or less, then he shall be fined not exceeding two hundred dollars." (Asterisk, supplied.)

Said article was, by Chapter 176, Acts Regular Session of the 40th Legislature in 1927, amended so as to add thereto the following language (inserted where indicated by asterisk): "or if any person who is in charge or possession of any real property of another shall wilfully, without consent of the owner, tear down, injure or destroy any house, building, edifice or material located thereon;".

The emergency clause to the act evidences that the amendment was enacted because the Legislature found that:

"* * * there is now no criminal law providing a penalty for any person who is in possession or control of real estate from damaging or destroying certain property located on the lands of another, without the consent of the owner thereof, or material and building located on such land."

This finding on the part of the Legislature may have arisen as a result of the holding of this court in Stephens v. State, 66 Tex. Cr. R. 405, 147 S. W. 255. At any and all events, it is apparent that the Legislature intended that prosecutions for injuring a house situated upon real property belonging to another and in the possession of the accused should be brought, exclusively, under the amendment mentioned.

In the instant case, the complaint did not charge the elements necessary to constitute an offense under the amendment, but was drawn under the article as it existed prior to the amendment. The facts here relied upon to sustain a conviction come within the provisions of the amendment.

It is apparent, then, that appellant's contention that the facts are insufficient to support the conviction, under the allegations of the instant complaint, is well taken.

In view of another trial under a complaint charging a violation of the provisions contained in the amendment mentioned,

attention is called to the fact that for appellant to be guilty under the facts here presented there must be some evidence excluding the outstanding hypothesis of the guilt of others. See Fraser v. State, 141 Tex. Cr. R. 152, 147 S. W. (2d) 780.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

GRAVES, Judge.

We see no reason to recede from the position taken in our original opinion herein. In line therewith we express some doubt as to the sufficiency of the evidence to show that appellant and no other committed the acts complained of in the complaint and information.

The motion for rehearing is therefore overruled.