

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00147-CR

_____

ASIM SHAKUR RAHIM, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court
Lamar County, Texas
Trial Court No. 61685

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

After Azim Shakur Rahim was convicted by a jury of assaulting Larry Solomon and causing him bodily injury, he was sentenced to 365 days' incarceration. On appeal, Rahim raises two primary complaints: that the trial court improperly instructed the jury that it could consider evidence of prior bad acts to prove his character for being a peaceable or law-abiding person and that there was insufficient evidence presented to support the trial court's order requiring him to pay court costs. We find that the trial court did not err in giving the limiting instruction and that there is sufficient evidence to support its order to pay court costs. Therefore, we affirm the judgment of the trial court.

## I.    Background

All of the evidence confirms that on the afternoon of November 20, 2013, Rahim was already at the Speedy Stop convenience store when Solomon arrived and placed an order for a hamburger. Rahim approached Solomon, and the two of them exchanged words before they exited the store and began to fight one another. During the fight, a pistol that was on Solomon's person became dislodged, and the two of them tussled over its possession. The fight was broken up by onlookers.

Rahim admitted both to the investigating officers and at trial that he threw the first blows and threw Solomon to the ground. However, he maintained that he struck Solomon because Solomon came at him and stuck his finger in Rahim's face. He testified that he then threw Solomon to the ground because Solomon came at him again and, knowing that Solomon carried a gun, Rahim was trying to contain and disarm him. Rahim asserted he was acting in self-defense

2

because he knew Solomon carried a gun and because from Solomon's tone of voice and actions, he knew Solomon was trying to provoke him so Solomon could shoot him.

During its cross-examination of Rahim, the State sought to introduce evidence of a prior assault conviction and a prior arrest for assault, arguing that it was entitled to use these to rebut Rahim's self-defense claim. In a hearing outside the presence of the jury, the State clarified that it was seeking to introduce evidence of the prior assaults under both Rules 404 and 405(b)[1] of the Texas Rules of Evidence. The trial court held that evidence of the prior assaults would be admissible to refute the self-defense claim. It went on to state,

> I believe that [Kameel McWilliams, a defense witness,] testified that the Defendant was -- and I'm paraphrasing his words -- a peaceful, law-abiding citizen.[2] I think that was the impression he left with the jury, that Defendant would not be the aggressor in this kind of a situation. So, I think we have had evidence -- and I believe the Defendant himself when he testified a while ago -- again, testified that he was a peaceful and law-abiding citizen.[3] And I'm paraphrasing the testimony.

---

[1]The trial of this case occurred before the April 1, 2015, revisions to the Texas Rules of Evidence went into effect. All citations to the Texas Rules of Evidence are to those in effect at the time of trial. The text of the rules in effect at the time of trial can be found in Volume 60, Issue 11, pages 1129 through 1160 of the *Texas Bar Journal*, which was published in December 1997. Rule 404(b) allows admission of evidence of other crimes, wrongs or acts to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," but disallows its admission "to prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b). Rule 405(b) allows proof of specific instances of a person's conduct when "a person's character or character trait is an essential element of a charge, claim or defense."

[2]We carefully examined McWilliams' testimony and are unable to find any testimony that directly or indirectly asserts that Rahim is a peaceful and law-abiding person. McWilliams' testimony does imply that Solomon may have been the aggressor, which could support Rahim's self-defense theory.

[3]Although Rahim's testimony up to this point portrayed Solomon as the aggressor in the confrontation, Rahim had not testified that he was a peaceful and law-abiding person.

So I believe the Defendant' [sic] character for being a peaceful and law-abiding citizen is in issue and considering the self-defense claim, the State offering this evidence under 404 and 405, I believe that it is in fact relevant.

The trial court noted Rahim's objection to the admission of the evidence.[4]

Rahim then admitted, upon examination by the State, that he struck his daughter in the face and pled guilty to a misdemeanor assault in 2007. He also admitted hitting and choking his son once. Even so, Rahim claimed to be a peaceful man. After a short recess, Rahim stipulated that he also head-butted his son on a previous occasion. It is significant that Rahim's trial counsel did not request a limiting instruction from the trial court at any point during this testimony. After both sides rested, the trial court submitted a charge to the jury that included the following instruction[5]:

The State has introduced evidence of extraneous crimes or bad acts other than the one charged in the Information in this case. This evidence was admitted only for the purpose of assisting you, if it does, for the purpose of showing the Defendant's motive, opportunity, intent, plan, knowledge in the case or his character for being a peaceable and law abiding person. You cannot consider the testimony unless you find and believe beyond a reasonable doubt that the Defendant committed these acts, if any such acts were committed.

At trial, Rahim did not object to this instruction. On appeal, Rahim does not object to the jury being instructed that it may consider the extraneous acts for the purpose of showing his "motive, opportunity, intent, plan, [or] knowledge" in the case. Rather, he objects only to that portion stating that the evidence was admitted for the purpose of showing his "character for being a peaceable and law-abiding person."

---

[4]On appeal, Rahim does not complain about the admission of the evidence of his prior assaults.

[5]This instruction was given sua sponte by the trial court.

4

## II.     There Was No Jury Charge Error

Our review of alleged jury charge error involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Initially, we determine whether an error occurred, and then, if so, we determine whether the error was sufficiently harmful to require reversal. *Id*. at 731–32; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g); *see also Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003). The harm required for reversal depends on whether the defendant properly objected to the proposed charge. *Abdnor*, 871 S.W.2d at 732. When a proper objection is made at trial, reversal is required if the error is "'calculated to injure the rights of defendant'"—the appellant need only demonstrate "some harm" on appeal. *Id*. (quoting *Almanza*, 686 S.W.2d at 171). If a defendant does not object to the charge, reversal is required only if the resulting harm is egregious, that is, if it denied the defendant a "fair and impartial trial," *Almanza*, 686 S.W.2d at 172 (quoting *Bellah v. State*, 415 S.W.2d 418 (Tex. Crim. App. 1967)); "go[es] to the very basis of the case," *Id.*; "deprive[s] [the defendant] of a 'valuable right,'" *Id.* (quoting *Baker v. State*, 129 S.W.2d 317 (Tex. 1939), *overruled on its facts by Flowers v. State*, 202 S.W.2d 461 (1947)); or "vitally affect[s] his defensive theory." *Id.* (quoting *Franco v. State*, 147 S.W.2d 1089 (Tex. 1941)); *Rudd v. State*, 921 S.W.2d 370, 373 (Tex. App.—Texarkana 1996, pet. ref'd). Neither party has the burden to show harm. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013). In examining the charge for possible error, we "must examine the charge as a whole instead of a series of isolated and unrelated statements." *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995).

Rahim does not complain of the admission of the evidence of his prior assaults, conceding that such evidence is admissible under Rule 404(b) of the Texas Rules of Evidence to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident." TEX. R. EVID. 404(b). He also concedes that the trial court did not err in instructing the jury that it could consider evidence of the prior assaults for these purposes. Rather, he argues that evidence of prior crimes or bad acts is not admissible to show the character of a person in order to show that he acted in conformity therewith. *See id*.; *Matthews v. State*, 979 S.W.2d 720,722 (Tex. App.—Eastland 1998, no pet.). Further, he argues that although specific instances of conduct could be admissible when a defendant's "character or character trait is an essential element of a . . . defense," his character as a peaceable and law-abiding person is not an essential element of his self-defense theory. TEX. R. EVID. 405(b). As a result, he argues, that portion of the trial court's instruction directing the jury that it could consider "evidence of extraneous crimes or bad acts other than the one charged in the Information . . . for the purpose of showing the Defendant's . . . character for being a peaceable and law abiding person" was erroneous. The State does not directly address whether the trial court erred in giving the complained-of instruction, but rather argues that evidence of the prior assaults was admissible (1) to rebut Rahim's theory of self-defense and (2) to show Rahim's intent. *See Jones v. State*, 241 S.W.3d 666, 669 (Tex. App.—Texarkana 2007, no pet.); *Robinson v. State*, 844 S.W.2d 925, 929 (Tex. App.—Houston [1st Dist.] 1992, no pet.). Since the evidence was admissible, the State reasons that the trial court did not err in instructing the jury that it could consider the prior assaults. We agree with the State that the trial court did not err, but for a different reason.

When evidence is admitted for a limited purpose, a trial court is required to give a limiting instruction, but only if requested by the party opposing the evidence. *See* TEX. R. EVID. 105(a);[6] *Hammock v. State*, 46 S.W.3d 889, 893 (Tex. Crim. App. 2001). In *Hammock*, the Court of Criminal Appeals reaffirmed its prior holding that the request for a limiting instruction must be made by the party opposing the evidence "at the moment the evidence is admitted." *Hammock*, 46 S.W.3d at 893 (reaffirming, in part, its holding in *Garcia v. State*, 887 S.W.2d 862, 878 (Tex. Crim. App. 1994)); *see also Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007). If the opposing party fails to request a limiting instruction at the time the evidence is admitted, then the evidence is admitted for all purposes. *Hammock*, 46 S.W.3d at 895. Further, if a limiting instruction is not requested when the evidence is admitted, then the trial court has no obligation to include a limiting instruction in the jury charge. *Delgado*, 235 S.W.3d at 251; *Hammock*, 46 S.W.3d at 895; *Beam v. State*, 447 S.W.3d 401, 406 (Tex. App.—Houston [14th Dist.] 2014, no pet.). This is because once the evidence is admitted for all purposes, it is not possible for the jury, at the end of the trial, to reconsider the evidence in light of the limiting instruction. *Hammock*, 46 S.W.3d at 895. Further, since it has been admitted for all purposes, an instruction limiting its consideration is not "'within the law applicable to the case.'" *Id.* (citing TEX. CODE CRIM. PROC.

---

[6]Rule 105(a) provides:

> **(a)** **Limiting Instruction.** When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly; but, in the absence of such request the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal.

TEX. R. EVID. 105(a).

ANN. art. 36.14).[7]  On the other hand, *Hammock* and its progeny do not forbid the trial court from giving a limiting instruction in the jury charge, even though the defendant does not request one and the evidence has been admitted for all purposes.  *Gilmore v. State*, No. 01-09-00260-CR, 2010 WL 987733, at *4 (Tex. App.—Houston [1st Dist.] Mar. 18, 2010, pet. ref'd) (mem. op., not designated for publication);[8] *see Beam*, 447 S.W.3d at 406–07; *Irielle v. State*, 441 S.W.3d 868, 880 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

In this case, although Rahim objected to the admission of evidence of the extraneous crimes and bad acts, once the evidence was admitted, he failed to request a limiting instruction.  This resulted in the evidence being admitted for all purposes, including to prove character conformity. *See Irielle*, 441 S.W.3d at 880.  Since the evidence was admitted for all purposes, the court was not required to give *any* limiting instruction, and limiting the scope of the jury's consideration of the evidence to "the purpose of showing the Defendant's motive, opportunity, intent, plan, knowledge in the case or his character for being a peaceable and law abiding person" was not error.[9]  Therefore, we find that the trial court did not err in giving the limiting instruction.  We overrule this point of error.

---

[7]Article 36.14 requires the trial court in a felony case to "deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case . . . ."  TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007).

[8]Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed."  *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

[9]We also note that so limiting the consideration of the evidence would have been beneficial to Rahim by not allowing the jury to consider the evidence for all purposes.

## III.    Assessment of Costs

Rahim also complains that there is insufficient evidence to support the trial court's assessment of $302.00 in court costs. Rahim argues that since the record does not contain a certified bill of costs, an assessment of costs cannot be supported.

An appellant in a criminal case may challenge on direct appeal the sufficiency of the evidence supporting an assessment of court costs. *Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011). To measure the sufficiency of the evidence supporting an assessment of court costs, we review the record in the light most favorable to the assessment. *Whatley v. State*, No. 06-12-00117-CR, 2014 WL 7399130, at *1 (Tex. App.—Texarkana Dec. 30, 2014, no pet.) (mem. op., not designated for publication) (citing *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010)). If a criminal action is appealed, the Texas Code of Criminal Procedure provides that "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Further, "[a] cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006); *see Ballinger v. State*, 405 S.W.3d 346, 348 (Tex. App.—Tyler 2013, no pet.). In addition, a certified bill of costs is not required to be filed either at the time the judgment is signed or before the case is appealed. *Whatley*, 2014 WL 7399130, at *1 (citing *Ballinger*, 405 S.W.3d at 348). Although a bill of costs may not be required in all cases, if the bill of costs has been omitted from the clerk's record, the

9

record may be supplemented to supply the bill of costs. TEX. R. APP. P. 34.5(c)(1); *see Johnson v. State*, 423 S.W.3d 385, 395–96 (Tex. Crim. App. 2014); *Ballinger*, 405 S.W.3d at 348. In this situation, "supplementing the record to include the bill of costs is appropriate and does not violate due process." *Ballinger*, 405 S.W.3d at 349.

Since the clerk's record in this case did not originally include a bill of costs, we asked the County Clerk of Lamar County to prepare and file an itemized bill of costs. *See Whatley*, 2014 WL 7399130, at *2. In response, we received a supplemental clerk's record containing a certified bill of costs. The itemized bill of costs shows that the total amount of court costs was $302.00. Because the supplemental record contains a bill of costs supporting the amount of court costs assessed, we find that there is sufficient evidence to support the trial court's assessment of court costs. We overrule this point of error.

We affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted: April 9, 2015
Date Decided: May 22, 2015

Do Not Publish